UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THREET,                                    No. 14-13345

v.                                                 District Judge Bernard A. Friedman
                                                   Magistrate Judge R. Steven Whalen

D. PHILLIPS, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On August 26, 2014, Plaintiff Michael Threet ("Plaintiff"), a Michigan Department of Corrections ("MDOC") inmate currently housed at the Gus Harrison Correctional Facility ("ARF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging civil right violations occurring during his incarceration at the Parnall Correctional Facility ("SMT").

Before the Court is Defendants' Motion for Summary Judgment [Doc. #21], filed by MDOC Defendants David Phillips, James Richardson, Wesley Jackson, James Miller, Dawn Jacobson, Erick Vandenberg, John Hurst, Lester Parish, Kenneth Ryan and Noah Bruner, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants contend that the claims should be summarily dismissed based on Plaintiff's failure to exhaust his administrative remedies.

For the reasons discussed below, I recommend that the motion for summary judgment [Doc. #21], construed as a unenumerated Fed.R.Civ.P. 12 motion, be DENIED.

-1-

#### I.   FACTS

Plaintiff alleges that after attempting to warn SMT staff of an impending gang-related attack of another inmate, he was subjected to a cell search and harassment by staff members, and that Defendant David Phillips intentionally injured Plaintiff's hand while opening a cell door. *Complaint* at ¶¶ 4-42. Plaintiff requests monetary damages against each Defendant in the amount of $50,000.

#### II. STANDARD OF REVIEW

#### Exhaustion

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.   Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular

institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011). As I noted in *Twohig v. Riley*, 2013 WL 3773365, \*3-4 (E.D. Mich. 2013), there has been a divergence of views concerning whether a motion to dismiss under 42 U.S.C. § 1997e(a) is properly characterized as a summary judgment motion, a Rule 12(b)(6) motion, or an unenumerated Rule 12(b) motion. In *Twohig*, I chose the latter as "the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA...." *See also McCormick v. Corizon Health, Inc.*, 2014 WL 897371, \*2 -3 (E.D.Mich. 2014). I shall proceed likewise in the present case.

### III. DISCUSSION

Defendants argue that Plaintiff did not exhaust his administrative remedies. *Defendants' Brief* at 8, *Docket #21.* They contend that because Plaintiff filed suit before receiving Step III responses to any of the eight "SMT" grievances, his claims are unexhausted.[1] In their motion for summary judgment, Defendants do not argue that Plaintiff otherwise failed to comply with MDOC's grievance procedure. They note that the Complaint, received by this Court on August 26, 2014, is undated.

Under the PLRA, "[n]o action shall be brought ... until such administrative remedies as are available are exhausted." *See Freeman v. Francis* 196 F.3d 641, 645 (6th Cir. 1999)("the plain language of the statute makes exhaustion a precondition to filing an action in federal court."). Defendants note that while the Complaint was filed on August 26, 2014, the MDOC did not provide Step III responses until September 9, 2014, 192 days later. *See Response, Docket #24,* 2, 14, 21, 27, 34, 41, 48, 54.

Defendants two-sentence argument is not well taken. *Defendants' Brief* at 8, ¶ 1. Plaintiff states that the he filed eight Step I grievances on March 1, 2014, and has submitted the Step I grievances or other evidence showing that he initiated the grievance process on that date. *Response* at 1, 12, 19, 25, 32, 39, 46, 52, 57. The submissions show that the

---

[1] Although Defendants have provided a list of all of Plaintiff's Step III grievances, their motion addresses only the "eight Step III grievance appeals" Plaintiff filed "while incarcerated at SMT." *Defendants' Brief* at 8, *Exhibit B,* at pgs. 2-3. The Plaintiff's claim arises out of his incarceration at SMT. As such, the issue of whether the Step III grievances filed from ARF were properly exhausted is not before the Court.

August 26, 2014 Complaint was filed in this Court 178 days after the Step I grievances were filed.

The MDOC Policy Directive ("PD") addresses the time generally allotted for the processing of a grievance:

> Grievances and grievance appeals at all steps shall be considered filed on the date sent by the grievant. The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II. An extension for a Step I or II response shall not exceed 15 business days unless the grievance falls within the jurisdiction of the Internal Affairs Division. The Grievance Coordinator shall immediately notify the grievant in writing whenever an extension has been approved; the extension also shall be noted in the grievance response.

PD 03.02.130 ¶ S.

It is well settled that in this Circuit that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd*, *supra,* 380 F.3d 996. A number of courts have found that the MDOC administrative remedies are "exhausted" after 120 days whether or not a Step III grievance response has been filed. "[I]f prison officials fail to respond to an inmate's Step III grievance by the end of the aforementioned 120-day period, the inmate may likely be able to initiate, without fear of dismissal on exhaustion grounds, an action in federal court." *Brown v. Prelesnik,* 2014 WL 632093, *5 (W.D.Mich. February 18, 2014). "This is because in such a circumstance, the inmate has completed the administrative process as defined by the MDOC and the MDOC's

failure to comply with its own guidelines should not be able to be employed as the basis for the dismissal of the inmate's lawsuit." *Id.*; *see also Jarrett v. Snyder,* 2014 WL 4472732, *2 (W.D.Mich. September 10, 2014)(*citing Boyd*, *supra,* 380 F.3d 996)("Defendants' argument that Plaintiff should have simply waited for a response before filing his complaint-no matter how long that response took—is unavailing"); *Carter v. Ayala,* 2014 WL 4660320, *3 (W.D.Mich. September 17, 2014)(same). Here, the MDOC's response to the Step III grievances 192 days after the Step I submissions is grossly untimely by MDOC's own criteria. Pursuant to *Boyd, supra,* the Complaint was filed well after Plaintiff's administrative remedies were exhausted.

Moreover, the fact that Plaintiff neglected to date his complaint does not change the result. Where the record does not reflect when the prisoner submitted his undated petition to prison officials, the date of receipt by the court is considered the date of filing. *See Adams v. Dretke*, 2005 WL 910536 (N.D.Tex. April 20, 2005). Likewise, the fact that the Complaint could have been "filed" earlier under the "'prison mailbox rule,' when Plaintiff gave it "to prison officials for mailing to the court," makes no difference. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir.2008). To establish that Plaintiff filed the Complaint before his administrative remedies were exhausted, Defendants would be required to make the improbable showing that Plaintiff gave the Complaint to prison officials for mailing on June 29, 2014 or earlier but that it did not make its way to this Court until August 26, 2014.

Finally, I note that Defendants' reply brief raises a secondary basis for dismissal on

the basis of exhaustion:

> Even if Threet had properly waited until his Step III grievance appeals were completed, Threet still would not have properly completed the grievance process and his Complaint allegations would still be barred based on a lack of proper exhaustion. Threet's own exhibits demonstrate that his grievances were rejected because he failed to comply with the grievance policy and his grievances were vague, duplicate or untimely.

*Reply* at 2. However, because Defendants failed to raise this argument in their original motion, it is waived. "The Court Rules allow only for a motion, a response, and, optionally, a reply brief." *Sims v. Piper,* 2008 WL 3318746, *4 (E.D.Mich. August 8,2008); E.D. Mich. L.R. 7.1(a)-(d). "The reply brief is the last pleading filed, and an opposing party has no right to file additional pleadings." *Id.* "'It is impermissible to mention an issue for the first time in a reply brief because the appellee then has no opportunity to respond.'" *Id.* (*citing United States v. Jerkins*, 871 F.2d 598, 601 (6th Cir.1989)). For these reasons, the Court recommends disregarding the arguments raised for the first time in the Defendants' reply.

### IV.    CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Doc. #21] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: April 7, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 7, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager