UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THREET,

    Plaintiff,                                              Civil Action No. 14-CV-13345

vs.                                                         HON. BERNARD A. FRIEDMAN

DAVID PHILLIPS, JAMES RICHARDSON,
JOHN HURST, and NOAH BRUNER,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION THAT THE COURT PROVIDE HIM WITH A COPY OF HIS CASE FILE, REQUIRING A SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, AND DENYING PLAINTIFF'S MOTION TO EXTEND THE REPLY DEADLINE**

        This matter is before the Court on plaintiff's motion that the Court provide him with a copy of his case file [docket entry 82], plaintiff's motion to compel discovery [docket entry 86], and plaintiff's motion to extend the reply deadline [docket entry 91]. Defendants have responded to plaintiff's motion to compel, and plaintiff has not replied. Defendants have not responded to plaintiff's motion for an extension or plaintiff's case file request. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

        On August 26, 2014, plaintiff filed the instant action, and on April 27, 2014, plaintiff filed an amended complaint. On August 1, 2016, plaintiff filed a second amended complaint, alleging that in January and February 2014 defendants Richardson and Phillips violated plaintiff's Eighth and First Amendment rights by retaliating against plaintiff when he tried to call the Michigan State Police and by conspiring to deprive him of grievance forms; that defendant Hurst violated plaintiff's Eighth Amendment rights by being deliberately indifferent to plaintiff's health and safety; and that defendant Bruner violated plaintiff's Eight Amendment

rights by being deliberately indifferent to plaintiff's medical needs. Pl.'s Second Am. Compl., ¶¶ 17, 28, 33.

On September 21, 2016, plaintiff filed a motion requesting a "complete copy of his case file" from the Court. Pl.'s Request., p. 1. The Court denies plaintiff's request, but plaintiff may renew his request if he limits it to specific items and offers a persuasive explanation as to why they are needed.

On September 21, 2016, plaintiff filed the instant motion to compel. Pl.'s Mot., p. 1. Plaintiff seeks the discovery of 12 specific items. *Id.* at 1–2. Fed. R. Civ. P. 37(a)(1) governs motions to compel discovery and states:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Defendants argue that plaintiff did not give them notice before bringing this motion, nor did plaintiff include a certification that he has conferred in good faith with defendants before filing the instant motion to compel. Def.'s Resp., p. 2. Under Rule 37, plaintiff was required to provide a certification that he conferred or attempted to confer with defendants, but he failed to do so. Plaintiff was also required to notify defendants, but he failed to do so.

Normally, the Court would deny plaintiff's motion to compel because of these deficiencies. However, because plaintiff is an incarcerated, pro se litigant, the Court will overlook these deficiencies and orders that defendants respond to plaintiff's motion to compel, specifically discussing the 12 items listed on pages one and two of plaintiff's motion to compel. This supplemental response must be filed within 21 days.

3

Finally, because defendants will be filing a supplemental response, plaintiff's motion to extend the reply deadline is denied, and plaintiff may file a reply within 10 days of defendants' supplemental response.

SO ORDERED.

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 24, 2016
       Detroit, Michigan